BERNARD E. DOYLE, Appellant, v. B-J CONCRETE PRODUCTS COMPANY, INC., et al., Appellees.

No. 45354.

DECEMBER 10, 1940.

C. R. Barnes, for appellant.

R. J. Swanson, for appellees.

MITCHELL, J.—Bernard E. Doyle commenced this action in equity against the B-J Concrete Products Company, Inc., and others, praying for specific performance of an alleged contract, and, if the court fails to grant such relief, the plaintiff sought judgment on a certain promissory note. The defendants filed a motion to dismiss the petition which contained various grounds, which will be discussed later in the opinion. The lower court sustained the motion and awarded judgment for costs. The plaintiff has appealed.

It is a peculiar record that confronts us. Back in 1931, the appellant in this case commenced an action against the appellees. The record leaves us in doubt as to the exact nature of that action. Apparently Doyle let a contract to the B-J Company to build certain apartments; they were not finished and the 1931 action was brought. Before the trial a stipulation of settlement was entered into, which contained the following two paragraphs:

"It is further stipulated and agreed that the B-J Concrete Products Co., D. F. Wilson, F. Y. Barnes and C. E. Peterson, will execute their note in favor of Bernard E. Doyle, plaintiff, for the sum of Two thousand Dollars ($2000.00) dated this 27th day of February, 1931, due in one year from date with interest at 7% per annum, and will deliver the same to the plaintiff, Bernard E. Doyle upon performance by said Doyle of the matters hereinafter set out to be done by him. That the said B-J Concrete Products Co., will also execute a release of their mechanics lien involved herein and will deliver the same to the said Doyle for filing and for a complete release of its said lien upon the performance by the said Doyle of the matters hereinafter set out to be done by him.

"It is understood that the $2000.00 note is given with the following understanding and agreement. That the said Doyle, shall let to the B-J Concrete Products Co., the contract to finish the four unfinished apartments in the basement of the said apartment house and the same be finished similar to the apartments now finished with the exception of the apartments now occupied by Doyle. Except that the owner agrees to furnish and install all plumbing, heating, wiring and decorating for the walls only. The owner also agrees to furnish all finish hardware, the contractor to install it."

In May of 1932, the appellant commenced an action at law against the appellees praying for judgment upon the $2,000 note, which was given under the terms of the settlement of the 1931 case. In the 1932 case, appellant claimed that appellees had refused to accept a contract to finish the apartments or to comply with the terms of the stipulation of settlement, and that, due to their refusal, he was entitled to judgment upon the note, in the amount of $2,000 plus interest and costs. There was a trial. Evidence was offered and appellant's claim was based upon the same contract and the same note, which are the basis of his claimed right of recovery in this case. The issues were submitted to a jury, which returned a verdict against the appellant. The appellant did not appeal.

The question of res adjudicata is raised in this case. The parties to this action are the same as in the 1932 case; the issues raised are the same. The identical note and contract are involved. Appellant had a choice of two remedies. He could either bring an action in equity for specific performance of the contract or an action at law for damages. He elected his remedy; he brought his action at law to recover damages. The jury returned a verdict against him; he did not appeal. Five years later he brought this action involving the same issues and parties. The only difference is that this time he brings his action in equity. The plea of res adjudicata is good. Appellant has had his day in court, in fact this record shows many days. There must be an end to litigation.

A motion to strike amendment to abstract was filed, which was submitted with the case, and same is overruled.—Affirmed.

HALE, HAMILTON, BLISS, SAGER, OLIVER, MILLER, and STIGER, JJ., concur.

RICHARDS, C. J., takes no part.